GUIDRY, Judge.
For the reasons assigned in the companion case of Shively et al. v. Pickens et al., 346 So.2d 1314, we conclude that the accident giving rise to this litigation was caused solely and proximately by the negligence of the defendant, State of Louisiana, through the Department of Highways. Accordingly, we affirm the trial court’s determination that the defendant is liable in damages to the plaintiff.
In this case the trial court awarded plaintiff the principal sum of $6,717.49 for both special and general damages.[1] The amount due as special damages was stipulated.
The trial judge awarded plaintiff the sum of $4,000.00 in general damages, his injuries being described in the trial judge’s written reasons for judgment as follows:
“On the basis of the evidence presented in this case the Court finds that Floyd Thierry, Sr. sustained a displaced fracture of his right fibula, a lumbo sprain, a contusion of the right arm and lacerations to the scalp.
Plaintiff was given emergency treatment at the Catahoula Hospital in Jonfesville, Louisiana and then returned to Opelousas where he was treated by Dr. Emile K. Ventre and hospitalized for a period of about seven days at the Opelousas General hospital. Subsequent to his release from the hospital he received outpatient care from Dr. Ventre for an additional three weeks at which time he was released to return to work on a light work basis. He was ultimately discharged on November 26, 1973, approximately two months after the accident. He complained that he continued to suffer minimal pain and discomfort and difficulty from his leg and back injuries.”
Although the Highway Department does not question the quantum of this award we have reviewed the same in light of the principles of appellate review of damage awards recently reiterated in Coco v. Winston Industries, Inc., 341 So.2d 332 (La.1977) and conclude that such award should not be disturbed.
For the reasons assigned the judgment appealed from is affirmed, defendant-appellant to be taxed with such costs as are legally assessable against it under LSA-R.S. 13:4521.
AFFIRMED.

. The trial court awarded plaintiff the total sum of $6,717.49 which was broken down in his reasons for judgment as follows:
Medical expenses .$ 883.43
Lost Wages. 1,834.06
General damages . 4.000.00
$6,717.49
We here note that when the formal judgment was prepared, although the correct numerical total of damages in the judgment was designated as $6,717.49, the judgment incorrectly refers to the figure as Six Thousand Six Hundred Seventeen and 49/ioo Dollars. This error can and should be corrected by the trial court under authority of LSA-C.C.P. Article 1951.